693 So.2d 256 (1997)
SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff-Appellee,
v.
Jocelyn WALL, Defendant-Appellant.
No. 97-270.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1997.
Jeffrey Cole, Lake Charles, for Plaintiff-Appellee.
W. Jay Luneau, Alexandria, for Defendant-Appellant.
Before PETERS and AMY, JJ., and BABINEAUX[*], J. Pro Tem.
AMY, Judge.
This court issued a rule to show cause to the defendant-appellant, Jocelyn Wall, why the above captioned appeal should not be dismissed on the ground that the judgment appealed was a nonappealable interlocutory ruling. We hereby dismiss.
This is a worker's compensation suit. The employer, South Central Bell Telephone Company, filed the claim to modify a prior judgment of the Fourteenth Judicial District Court. The employer sought an order terminating the benefits, or alternatively allowing the employer to take an additional offset representing social security disability benefits allegedly being received by the employee. The relator filed a declinatory exception of lack of subject matter jurisdiction alleging that the claim fell exclusively within the district court's jurisdiction. A hearing was held on August 28, 1996. The trial court rendered judgment on September 25, 1996 denying the exception of lack of subject matter jurisdiction. The defendant filed a motion and order for devolutive appeal on November 25, 1996. The record was lodged with this court on March 6, 1997. On that date, this court issued a rule to show cause why the above captioned appeal should not be dismissed as *257 being an appeal from an interlocutory nonappealable judgment.
La.Code Civ.P. art. 1841 states as follows:
Art. 1841. Judgments, interlocutory and final
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
La.Code Civ.P. art. 2083 states, in pertinent part, as follows:
Art. 2083. Judgments appealable
A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
The relator filed a motion and order of appeal from the denial of an exception of lack of subject matter jurisdiction. Such a ruling is not a final, appealable judgment. The proper procedure for seeking review from an interlocutory ruling is an application for supervisory writs, not an appeal. For these reasons the appeal is dismissed at appellant's costs.
APPEAL DISMISSED.
NOTES
[*] Judge Allen M. Babineaux participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.